IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal No. 19-354 |
| | ) |
| DAVEION SANDERS, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

I.    Introduction

Pending before the court is a motion for a bill of particulars (ECF No. 55) filed by counsel on behalf of defendant Daveion Sanders ("Sanders").  The government filed a response in opposition to the motion (ECF No. 62) on August 24, 2020.  The motion is ripe for disposition.  Neither party requested a hearing and, after review of the submissions, the court determined that a hearing is not necessary.  See United States v. Buser, No. 07-40001-01-03-SAC, 2008 WL 686122, at *1 (D. Kan. Mar. 11, 2008) (no evidentiary hearing necessary on motion for bill of particulars).

II.    Background

Sanders, along with co-defendant Deandre Moses Sanders, is charged in the indictment at Crim. No. 19-354 with: (1) at count 1, conspiracy (with persons known and unknown) on July 11, 2019, to possess with intent to distribute 500 grams or more of cocaine and quantities of oxymorphone, in violation of 21 U.S.C. § 846; (2) at count 2, possession with intent to distribute 500 grams or more of cocaine and quantities of oxymorphone on July 11, 2019, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and

1

(b)(1)(C); (3) at count 4, possession of a machinegun on July 11, 2019, in violation of 18 U.S.C. § 922(o)(1); (4) at count 5, possession of 2 firearms in furtherance of a drug trafficking crime on July 11, 2019, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (5) at count 6, possession of firearms which were not registered to them in the National Firearms Registration and Transfer Record on July 11, 2019, in violation of 26 U.S.C. 5861(d).[1]

Sanders' motion seeks the following information: (1) the dates on which he is alleged to have possessed drugs, and the names and addresses of any witnesses thereto; (2) the acts performed and statements made by Sanders on which the government relies to support the intent to distribute or conspire to distribute, and any witnesses thereto; (3) to the extent that the acts or statements of other people are imputed to Sanders, the name of each person and description, date, time and place of each such act or statement, and any witnesses thereto; and (4) the names and addresses of any individuals other than Deandre Sanders with whom Sanders is alleged to have conspired.

The government, in response, reports that the indictment involves conduct on a single day (July 11, 2019) and the charges stem from items found during a search of Sanders' residence in Butler County on that day. The government states that the drugs and guns charged in the indictment were recovered during that search. The government represents that it has also provided discovery to Sanders, including reports about the search, a copy of the search warrant, photographs, lab reports and the state court complaint.

III.     Legal Analysis

Federal Rule of Criminal Procedure 7(f) provides:

---

[1] Count 3 of the indictment names only Deandre Moses Sanders.

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment, or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

FED. R. CRIM. P. 7(f).

Federal Rule of Criminal Procedure 7(c) requires an indictment to be "concise" and contain "essential facts," but does not require the indictment to include every fact to be alleged by the government. United States v. Moyer, 674 F.3d 192, 203 (3d Cir. 2012). For an indictment to be sufficient, it must contain all the elements of a crime and adequately apprise the defendant of what he must be prepared to meet. Moyer, 674 F.3d at 203 (citing Russell v. United States, 369 U.S. 749, 763–766 (1962)).

A bill of particulars may be required under Federal Rule of Criminal Procedure 7(f) to provide detail to enable a defendant to properly prepare a defense, even though the indictment complies with Federal Rule of Criminal Procedure Rule 7(c). United States v. Wheeland, 25 F.R.D. 481 (M.D. Pa. 1960). "[W]hen the indictment itself is too vague and indefinite for such purposes," a bill of particulars is warranted. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971) (internal quotation marks and citation omitted).

> [M]otions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.

United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).

The decision to grant a motion for a bill of particulars is a "discretionary matter with the trial court," and a denial of such a motion "does not amount to an abuse of discretion unless the deprivation of the information sought leads to the defendant's

3

inability to adequately prepare his case, to avoid surprise at trial, or to avoid the later risk of double jeopardy." Addonizio, 451 F.2d at 64.

> [T]rial judges must be allowed to exercise broad discretion in order to strike a prudent balance between the defendant's legitimate interest in securing information concerning the government's case and numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so.

Rosa, 891 F.2d at 1066.

A defendant is not entitled to general discovery of the government's case, evidence or witnesses." United States v. Akins, No. 2:14-270, 2016 WL 374255, at *7 (W.D. Pa. Feb. 1, 2016) (citing United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975)).  A bill of particulars is not a discovery device. Addonizio, 451 F.2d at 64.  Its purpose is to give the defendant only the information necessary to permit him to conduct his own investigation. United States v. DePaoli, 41 F. App'x 543, 546 (3d Cir. 2002) (citing United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985)). Where the indictment provides sufficient information to place the defendant on notice of the charged criminal conduct, a motion seeking the "when, where and how" of overt acts is "tantamount to a request for wholesale discovery of the government's evidence" and properly denied. United States v. Hawkins, No. 1:11-cr-61, 2014 WL 7157272, at *2 (W.D. Pa. Dec. 15, 2014); United States v. Adusei, 2009 WL 2045619 *8 (W.D. Pa. July 14, 2009).  "[A] defendant is not entitled to a list of uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses." United States v. Cardillo, No. CRIM.A. 13-121-2 JBS, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015) (citations omitted).

A motion seeking a bill of particulars is properly denied where the record as a

4

whole demonstrates that ample opportunity exists for adequate preparation of the defense. Kenny, 462 F.2d at 1212. A motion seeking a bill of particulars should be granted only when the lack of information "**significantly** impairs the defendant's ability to prepare his defense or is **likely** to lead to prejudicial surprise at trial." Rosa, 891 F.2d at 1066 (emphasis added). In determining whether a bill of particulars is warranted, the court may consider, in addition to the indictment, any discovery provided to the defendant. United States v. Urban, 404 F.3d 754, 772 (3d Cir. 2005); United States v. Kenny, 462 F.2d 12015, 1212 (3d Cir. 1972) (court affirmed denial of bill of particulars where trial court afforded defendant liberal discovery).

   IV.   Discussion

In this case, the court will exercise its discretion to deny Sanders' motion for a bill of particulars. A review of the indictment reveals that it identifies the date, kind and amount of illegal substances involved, and the kind of guns involved. As such, it is sufficiently clear to enable Sanders to prepare a defense, protect against double jeopardy and avoid unfair surprise at trial. The charges stem from a search of Sanders' residence on July 11, 2019, and are not overly complex. The government provided discovery materials, including reports about the search and the search warrant. This additional information about the search and the drugs and guns recovered, which form the bases for the charges, is certainly sufficient for Sanders to have ample opportunity to prepare a defense. Sanders is not entitled to use a motion for a bill of particulars to evade the limits on criminal discovery, and specifically, he is not entitled to disclosure of the government's witnesses at this stage of the case. Addonizio, 451 F.2d at 62. Typically, in this district the witnesses are identified at the time of the voir dire.

V.     Conclusion

For the reasons set forth above, the motion for a bill of particulars (ECF No. 55) will be DENIED.

An appropriate order follows.

September 2, 2020
                                        BY THE COURT:


                                        /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Chief United States District Judge